UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHEL SHANNAN POOLE **INDIVIDUALLY AND ON BEHALF OF** RACHAEL NICOLE POOLE, DECEASED | CIVIL ACTION<br><br>NO. 18-956-JWD-RLB |
| VERSUS | |
| THOR INDUSTRIES, INC., ET AL. | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 17, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MITCHEL SHANNAN POOLE                                CIVIL ACTION
INDIVIDUALLY AND ON BEHALF OF
RACHAEL NICOLE POOLE, DECEASED                       NO. 18-956-JWD-RLB

VERSUS

THOR INDUSTRIES, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 5) filed on November 6, 2018. Defendant Verless Travis Stewart, Jr. ("Stewart") filed his Opposition (R. Doc. 11) on November 27, 2018. Defendant Keystone filed its Opposition (R. Doc. 12) on November 27, 2018. Defendant Thor Industries, Inc. ("Thor") filed its Opposition (R. Doc. 13), and Defendant Rick's RV Sales, Inc. ("Rick's") filed its Opposition (R. Doc. 17) also on November 27, 2018.

Also before the Court is Plaintiff's Motion for Expedited Consideration (R. Doc. 3), Plaintiff's Motion for Sanctions (R. Doc. 4), and Plaintiff's Motion for Oral Argument (R. Doc. 6), all filed on November 6, 2018. Defendant Stewart filed his Opposition (R. Doc. 10) to Plaintiff's Motion for Sanctions on November 27, 2018. Defendant Keystone filed its Opposition (R. Doc. 14) to Plaintiff's Motion for Sanctions and its Opposition (R. Doc. 15) to Plaintiff's Motion for Expedited Consideration on November 27, 2018. Lastly, Defendant Rick's filed its Opposition (R. Doc. 16) to Plaintiff's Motion for Sanctions on November 27, 2018.

**I.      Background**

Plaintiff initiated this action with the filing of his Petition for Damages on July 14, 2017. (R. Doc. 1-1 at 2-10). Therein, Plaintiff filed suit individually and on behalf of his deceased wife, alleging that his wife was killed as a result of being electrocuted while working on their RV in February of 2017. As Defendants, Plaintiff initially named (1) Thor Industries, Inc. and

Dutchmen Manufacturing, Inc. (now "Keystone"), the manufacturer of the allegedly defective RV, (2) Rick's RV Sales, Inc. ("Rick's"), the alleged seller and repair entity of the RV, and (3) Joshua and April Dosramos (the "Dosramoses"), the persons from whom Rachael Poole allegedly purchased the RV. (R. Doc. 1-2 at 2-3). Against Keystone, Plaintiff brings claims under the Louisiana Products Liability Act, for defective design, defective construction, breach of express warranties, and inadequate warning. (R. Doc. 1-2 at 4-7). Plaintiff's claims against Rick's purport to arise out of services performed by Rick's on the RV. (R. Doc. 1-1 at 7). Lastly, Plaintiff brings claims for negligence and redhibition against Joshua and April Dosramos. (R. Doc. 1-2 at 7-8).

Keystone and Thor initially removed this action on April 17, 2018, alleging federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332, bearing the caption *Mitchell Shannan Poole, et al. v. Thor Industries, Inc., et al.*, Case No. 3:18-cv-474-RLB. Plaintiff sought to remand the action, and also sought leave of Court to file an amended petition adding two new parties as Defendants, Travis Stewart and Garrin Vincent. Based on the law and the facts before it at the time, the Court granted leave to amend and remanded the case to state court on the basis of lack of diversity jurisdiction due to Mr. Vincent, a Louisiana resident. Defendants filed a Motion for Reconsideration of the Order remanding the action to state court, which was denied on the basis that the Court had been divested of jurisdiction.

On October 26, 2018, Travis Stewart filed a Notice of Removal (R. Doc. 1), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 based on the argument that the non-diverse Defendants (Rick's, the Dosramoses, and Vincent) were fraudulently joined. Plaintiff filed the instant Motion to Remand (R. Doc. 5) on November 6, 2018, along with the other related motions.

2

## II.   Law and Analysis

### A.   Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th

Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. at 573. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

### B.     Analysis of Jurisdiction

Plaintiff makes two arguments in support of remand.[1] First, Plaintiff suggests that the doctrines of collateral estoppel, res judicata, or "law of the case" are applicable and mandate remand without further consideration. (R. Doc. 5 at 14-20). Second, Plaintiff argues that the

---

[1] Plaintiff does not argue that Defendants' removal was untimely. Untimeliness being a procedural defect subject to waiver, timeliness of removal is not before the Court. *See Breitling v. LNV Corporation*, 716 Fed. App'x 338, 339 (5th Cir. Mar. 23, 2018) (citing *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection.")).

Non-Diverse Defendants are properly named such that remand is warranted. (R. Doc. 5 at 20-27). In response to Plaintiff's first argument, Defendants aver that the Court did not, in fact, consider whether any of the Non-Diverse Defendants were improperly joined.

Plaintiff's first argument is without merit as Plaintiff misconstrues the nature of the Court's previous ruling and the scope of the issues considered. To begin, the Court's Order granting Plaintiff leave to amend explicitly noted that it was not considering the initial Motion to Remand. The Court noted that it would address the propriety of the amended petition first, concluding that it "need not address the remaining motions, because, even were the Court to find subject matter jurisdiction proper based on the original Petition and deny the Motion to Remand (R. Doc. 5), leave to amend is proper, and the proposed First Supplemental and Amending Petition adds a new party that would destroy diversity, warranting remand without the need to address the issues presented by the remaining motions." *See* R. Doc. 28 at 2, *Mitchell Shannan Poole, et al. v. Thor Industries, Inc., et al.*, Case No. 3:18-cv-474-RLB. As Plaintiff correctly notes, the doctrines of collateral estoppel, res judicata, and law of the case all depend on a finding that the issues the party seeks to prevent a court from deciding were previously before the court, actually litigated, and decided. The Court has not decided the issue of whether Rick's or the Dosramoses were improperly joined and thus this issue is properly before the Court.

Having found that the various estoppel arguments advanced by Plaintiff cannot succeed, the Court turns to Defendants' arguments that the Non-Diverse Defendants have been improperly joined such that their citizenship should not be considered for diversity jurisdiction purposes. Defendants argue that each of the Non-Diverse Defendants have been improperly joined on the grounds that Plaintiff has failed to state a claim against each of them. Should the Court find that Plaintiff has stated a claim against any one of the Non-Diverse Defendants has been properly

5

joined, diversity jurisdiction is destroyed and the matter must be remanded to state court. The Court will consider each in turn.

### 1. Garrin Vincent

Defendants posit that Plaintiff joined Vincent "in a bad faith attempt to manipulate the statutory rules for determining federal removal jurisdiction." (R. Doc. 1 at 11). In support of this contention, Defendants argue that, while the Amended Petition alleges that Vincent installed, maintained, and serviced the electrical system that ultimately caused Mrs. Poole's death, these allegations are false and Plaintiff knew them to be false. (R. Doc. 1 at 22). Defendant points to deposition testimony of Mr. Vincent stating that he had nothing to do with the creation of any portion of the electrical system. (R. Doc. 1 at 30).

Based on the allegations in the Amended Petition and deposition testimony alone, Defendants' claim of improper joinder could not succeed. Plaintiff has alleged that Mr. Vincent "installed, maintained, and serviced the subject electrical system at the location site including but not limited to the meter box, pedestal, and underground wire." (R. Doc. 5-5 at ¶ 3.9). Mr. Vincent denies these allegations in his deposition testimony. The truth of the allegations and resulting fault, if any, is a question of fact that is the subject of the litigation and must be resolved in favor of the non-removing party, i.e., the Plaintiff. Given this standard, the Court would have to conclude that Mr. Vincent has been properly joined.

Defendants, however, draw attention to text messages between Mr. Vincent and Plaintiff, wherein Plaintiff stated, "I told him [a representative of the law firm representing the plaintiff] I didn't want you in the suit and ***you have nothing to do with the camper or what happened***." (R. Doc. 1 at 30) (emphasis in original); R. Doc. 1-14 at 130).[2] The Court also notes several other

---

[2] The Court notes that "[i]n support of their removal petition, the defendants may submit affidavits and deposition transcripts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Here, Defendants have attached the

6

messages within this chain wherein it appears Mr. Vincent states he had no involvement with the electrical components and that Plaintiff was out at the location more than he was. (R. Doc. 1-14 at 129, 130, 132). The text message at issue was sent on May 17, 2018. This is 8 days <u>after</u> the filing of the Motion for Leave of Court to add Mr. Vincent as a defendant. Plaintiff's briefing does not address the text messages at all, nor does Plaintiff provide anything, by way of affidavit or otherwise, to negate or explain the text messages provided by Defendants in support of removal. In short, everything before the Court supports a conclusion that the motion seeking to add Mr. Vincent was done without the approval and/or contrary to the direct instructions of the plaintiff.

"Courts have held that 'when a Plaintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants, those defendants are fraudulently joined, and the case becomes removable at that moment.'" *Ramirez v. Michelin North America, Inc.*, 2007 WL 2126635, at *4 (S.D. Tex. July 19, 2007) (citing *Franz v. Wyeth*, 431 F.Supp.2d 688, 690 (S.D. Tex. Jan. 14, 2004). In *Ramirez*, the court was faced with deciding whether the exercise of diversity jurisdiction was proper on the basis that a non-diverse defendant had been properly joined. In deposition testimony, the plaintiffs indicated that they did not think the non-diverse defendant was negligent. The court denied the plaintiffs' motion to remand for lack of diversity, stating, "Plaintiffs' deposition testimony demonstrates that none of the Plaintiffs in this case have a good faith intent to pursue or follow-through on their claims or allegations of negligence against" the non-diverse defendant. *Ramirez*, 2007 WL 2126635 at *5.

---

deposition transcript of Garyn Vincent, which authenticates and attaches the text messages Defendants rely upon herein. (R. Doc. 1-14 at 10). Plaintiff makes no objection to the authenticity of the text messages.

7

Not all courts agree with this approach, however. In *Wells v. Michelin N. Am., Inc.*, 2013 WL 12123371, at *3 (S.D. Miss. Jan. 23, 2013), the court found that, though it had "some misgivings… the test for improper joinder does not consider the motives of the charging party." In holding, the court noted that the Fifth Circuit in *Smallwood v. Illinois Central Railroad*, 385 F.3d 568 (5th Cir. 2004), the "definitive statement on removal," explicitly recognized only two ways to establish improper joinder, a plaintiff's subjective intent not being one of them. *Wells*, 2013 WL 12123371 at *3. The *Ramirez* court also noted that the *Smallwood* court found the "motive or purpose of the joinder of in-state defendants" not relevant to the question of whether a plaintiff has an ability to establish a cause of action against the non-diverse defendant, and concluded that consideration of a plaintiff's intent would frustrate the policy considerations noted in *Smallwood*. 2013 WL 12123371 at *3.

There being no controlling authority on this issue, the undersigned concludes that, where it is apparent that, notwithstanding the allegations in an unverified complaint or petition, a Plaintiff has no intention to proceed or recover from a non-diverse defendant, does not believe that a non-diverse defendant is liable for the alleged wrongs suffered, and the record demonstrates that Plaintiff did not approve adding the non-diverse defendant to the lawsuit, that non-diverse defendant is improperly joined for purposes of diversity jurisdiction, particularly where a Plaintiff makes no representation to the contrary after having opportunity to do so.

The *Smallwood* court noted that "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572 (emphasis in original; citing 28 U.S.C. § 1359). While the term "collusion" generally implies a conspiracy involving more than one actor, the concept that a person or persons cannot join a non-

8

diverse defendant if the purpose of that joinder is to defeat diversity jurisdiction is applicable in this situation. The *Smallwood* court also noted that "Federal courts should not sanction devices *intended* to prevent the removal to a Federal court where one has the right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." 385 F.3d at 573 (citing 14 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3641, at 173 (3d ed. 1998) (emphasis added). Where a plaintiff brings claims against a non-diverse defendant whom he believes to not be responsible for the damages he suffered, or does not have any intention of recovery, it is reasonable and warranted that he simply intended to prevent removal.

Plaintiff argues that the testimony elicited during the deposition of Mr. Vincent establishes that Plaintiff has stated a claim against Mr. Vincent. (R. Doc. 5 at 25-27). While these allegations may establish that Plaintiff has stated a claim against Mr. Vincent, it does not overcome the evidence that Plaintiff lacks the desire to have Mr. Vincent inside the suit. This lends to the conclusion that Plaintiff (or his counsel) joined Mr. Vincent solely to defeat diversity jurisdiction.

The text messages between Mr. Vincent and Plaintiff demonstrate that Plaintiff does not believe that Mr. Vincent is liable for the harm sued upon herein and does not desire to join Mr. Vincent in this litigation. While there could be other explanations for the content of these messages, when being faced with this evidence, Plaintiff makes absolutely no representation to the contrary. The only evidence before the Court is that Plaintiff's counsel disregarded the instructions of his client and added Mr. Vincent as a defendant. Based on this finding, the Court concludes that Mr. Vincent has been improperly joined for purposes of diversity jurisdiction such that his citizenship should not be considered.

9

Accordingly, the Court must now consider whether any other named Defendants were improperly joined for purposes of diversity jurisdiction. As noted above, the Court did not previously consider the issue of whether Rick's or the Dosramoses were improperly joined for purposes of diversity jurisdiction.

### 2. Rick's RV Sales, Inc.

Plaintiff argues that its Motion to Remand should be granted because Rick's RV is a properly named defendant in this matter because his "Petition for Damages assert[s] a claim of negligence with regard to the repair done on November 12, 2015, and attached an exhibit evidencing the work performed by Rick's RV." (R. Doc. 5 at 21). No party disagrees that Rick's is a Louisiana citizen as alleged in the petition for damages. (R. Doc. 1-1 at 3). Plaintiff's state court petition alleges that Rick's sold the RV to the Dosramoses, and that Rick's "performed service and maintenance of the subject RV prior to the subject incident." (R. Doc. 1-1 at 4). In Section V of Plaintiff's petition for damages, Plaintiff expands on this allegation, stating that Rick's "performed service to the subject RV consisting of installation of a microwave, insulation and installation of a Rhino Sewer Hose." (R. Doc. 1-1 at 7). In addition, Plaintiff attaches what appears to be the service invoice for the repair work performed by Rick's. (R. Doc. 1-1 at 12-13).

In his First Supplemental and Amending Petition (R. Doc. 1-4 at 70-74), Plaintiff alleges that Rick's is liable to him for the following:

(a) Failing to warn the motoring public of the dangers and risks associated with operating Travel Trailers with defective electrical systems;
(b) Failure to provide a safe product to customers;
(c) Failing to see what should have been seen;
(d) Failing to properly inspect its products prior to the sale;
(e) Failing to inquire about defects on their products;
(f) Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

(R. Doc. 1-4 at 71). Under a Rule 12(b)(6)-type analysis, the Court must analyze whether Plaintiff has stated a claim against Rick's in order to determine whether Rick's has been properly joined. Put another way, if Plaintiff has failed to state a claim against Rick's, then Rick's has been improperly joined for purposes of diversity jurisdiction.

Here, Plaintiff has alleged that Rick's performed repair work on the RV, attaching an invoice reflecting the services provided, and that subsequent to that repair work, his wife was electrocuted. This is sufficient for purposes of the question of improper joinder, as there is a reasonable basis for recover against Rick's. *See Smallwood*, 385 F.3d at 573 ("…the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."). Rick's does not deny that it performed repair work on the subject RV, but rather argues that its repair work is not the legal cause in fact of the harm suffered by Plaintiff. Whether Plaintiff's allegations are ultimately found true and Rick's found responsible for the harm suffered is a question on the merits, not to be analyzed at this stage. These are not the type of discrete facts that are appropriate for determining improper joinder.

Plaintiff has stated a claim against Rick's for purposes of the improper joinder analysis, such that Rick's citizenship is relevant to the analysis. No party disagrees that Rick's is a citizen of Louisiana. Being non-diverse from Plaintiff, diversity jurisdiction pursuant to 28 U.S.C. § 1332 is not present and this action should be remanded to state court accordingly.

### 3. The Dosramoses

The Petition also seeks recovery against two other non-diverse defendants, Joshua and April Dosramos, under theories of negligence and redhibition. (R. Doc. 1-1 at 7-8). Defendant

11

Stewart argues in his Notice of Removal that Plaintiff's allegations against the Dosramoses are insufficient to state a claim, and that Plaintiff's redhibition claim fails as a matter of law because Mrs. Poole—not Mr. Poole—bought the RV. (R. Doc. 1 at 17-19). Plaintiff counters that he "has properly named the defendants in this suit and are [sic] conducting discovery regarding the allegations asserted in the Petition for Damages." (R. Doc. 5 at 25).

Insofar as the redhibition claim is concerned, Plaintiff alleges that defects were hiding, that Mrs. Poole would not have purchased the RV had she known of the defects, that the Dosramoses knew or should have known of the defects, and that Mr. Poole was not aware of the defects until after Mrs. Poole's death. (R. Doc. 1-1 at 8). This is sufficient at this stage for purposes of the question of improper joinder. The Dosramoses do not deny that they sold the RV to Mrs. Poole, and Plaintiff's claims state a reasonable basis upon which to recover. It may be that, ultimately, the Dosramoses are found to have had no knowledge of any purported defect, but that remains a substantive factual and legal inquiry not proper at this stage in the litigation.

The Court then turns to the Plaintiff's claim of negligence against the Dosramoses. Plaintiff alleges that the RV was defective in some way when it left the manufacturer, and that the cause of the electrocution was that "a set screw for the power plug connection was not fastened properly causing the sheathing and/or insulation to eventually completely fail, allowing the hot wire to energize the RV, which eventually lead to it completely failing, creating the energizing of the trailer frame." (R. Doc. 1-1 at 4). Plaintiff further alleges that the Dosramoses "knew or should have known of these defects and failed to disclose such, and additionally, misrepresented the subject RV as having a quality that it did not possess." (R. Doc. 1-1 at 8). Plaintiff later added a general list of alleged failures on the part of the Dosramoses under his negligence claim. (R. Doc. 1-4 at 71). Plaintiff also suggests that "[i]t is premature to allege the

plaintiff cannot recover from the previous owner of the subject RV when a complete examination of the subject RV has not occurred nor the deposition of the previous owners have occurred." (R. Doc. 5 at 24).

Like the redhibition claim, and the claims against Rick's, this is sufficient to establish a reasonable basis for recovery for purposes of fraudulent joinder and diversity jurisdiction. The standard for purposes of fraudulent joinder, through the Rule 12(b)(6) lens, is not whether a party ultimately can or cannot recover, but whether a party has stated a cognizable claim under the applicable law. The Dosramoses do not deny that they sold the RV to Mrs. Poole, and whether there was a defect of which they had knowledge is a question of fact and law to be resolved after adequate time for discovery. To the extent there is a factual dispute as to the knowledge of the Dosramoses about the condition of the RV, these are not the type of discrete facts that are appropriate for determining improper joinder. Thus, the Dosramoses's Louisiana citizenship is relevant for purposes of diversity. The Dosramoses (and Rick's) being non-diverse for purposes of 28 U.S.C. § 1332, Plaintiff's Motion to Remand (R. Doc. 5) should be granted, and this action should be remanded to the 18th Judicial District Court, Parish of Pointe Coupee, State of Louisiana, for lack of jurisdiction.

### C. Sanctions and Oral Argument

In connection with his Motion to Remand (R. Doc. 5), Plaintiff also filed a Motion for Sanctions (R. Doc. 4) and a Motion for Oral Argument (R. Doc. 6) on his Motion for Sanctions. Defendants, Keystone and Thor filed an Opposition (R. Doc. 14) to Plaintiff's Motion for Sanctions, as did Defendants Stewart (R. Doc. 10) and Rick's (R. Doc. 16).

The basis of Plaintiff's Motion for Sanctions is his suggestion that Defendants' removal is "nothing less than a tactic to pass the trial date in state court," based on his assertion that the

Court addressed the joinder of Mr. Vincent in the initial removal attempt. (R. Doc. 4 at 13). This is an inaccurate summary of the Court's prior action, however. As discussed in more depth above and in the prior rulings, the Court made no finding as to the merits of Defendants' prior motion for reconsideration based on its finding that it lacked jurisdiction to do so. Although the Court stated previously that Plaintiff's allegations were "sufficient to state a plausible theory of recovery against Stewart and Vincent such that the amendment would not be futile," as Plaintiff points out, the text messages upon which the Court bases its ruling as to Mr. Vincent were not before the Court at that time, nor is there any evidence that Defendants had access to those text messages prior to September 28, 2018, six months after the case was initially removed, four months after defendants initially opposed remand, and only 4 days before the initial remand order was issued.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because Defendants removed the action promptly following their discovery of the text messages, as well as the fact that the Court did not have the opportunity to address the joinder of Rick's and the Dosramoses previously, the Court recommends denial of the award of improper removal sanctions under 28 U.S.C. § 1447(c).

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED** and this action remanded to the 18th Judicial District Court, Parish of Pointe Coupee, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Expedited Consideration (R. Doc. 3) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Sanctions (R. Doc. 4) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Oral Argument (R. Doc. 6) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on June 17, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**